Bissell, P. J.
The questions presented by the demurrer are not easy of solution. The legal rules which must be followed by the pleader in stating his cause of action, and those which must be observed in the trial of this class of cases may possibly be deemed fairly well settled. Yet after all no case in its facts *548 is so entirely plain that the court can be absolutely certain about the application of those general principles by which such pleadings and such trials are governed. There is probably less difficulty in reaching a conclusion where the cause has been tried and the facts and circumstances of the case are before the court than when, as in the present, it is simply a matter of pleading. It is generally true a pleader ought to be able, if he has a case at all, to state it so that his complaint shall not be open to objections presented by a general demurrer. Doubtless it was the object of counsel in the present controversy to state the case in such fashion that his right to maintain the action could be definitely settled. We must be permitted to doubt the expediency of the procedure and we do not intend, except in so far as we may be compelled in the determination of the error, to decide whether the plaintiff has or has not a case, or may or may not have a case when his proof shall come in. One of the most general doctrines pertaining to the law of negligence is that the plaintiff may not recover where his own negligence contributed to the injury unless, of course, as will be subsequently seen, the case is brought within the exception to this rule. It seems to be well settled the defendant may take advantage of this defense, either where he proves it affirmatively, or Avhen it appears from the plaintiff’s own proof, or where the plaintiff has so pleaded his cause of action, that it may be gathered therefrom his own negligence contributed materially to the injury of which he complains, and his case is not stated within any exception to the doctrine. 1 Thompson on Negligence, p. 449; H. & T. C. Ry. Co. v. Richards, 59 Texas, 373. As we look at the record, this is probably the proposition on which the whole case turns, and it becomes our duty to ascertain Avhether on the record as it stands the court correctly resolved this question.
Matters of negligence, whether original or contributory, are equally matters of proof. Either must be shown by the preponderance of proof and the question whether the plaintiff’s negligence so far contributed to the injury as to amount *549 to its proximate cause is as much, a question for the jury as is the other fundamental inquiry, whether the negligence of the defendant company occasioned the injury. Both must be settled by the evidence. D. & R. G. R. R. Co. v. Ryan, 17 Colo. 98; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408. Accepting the allegations of the complaint there is scarcely room for debate about the question of the negligence of the defendant company. It failed to observe the requirements of the ordinances concerning the running of the cars on Broadway at the time of the accident. The ordinance is set out, the violations alleged, and if they are sustained by proof, the negligence of the company would thereby be established regardless of any other fact which might show negligence. D. & R. G. Ry. Co. v. Ryan, supra; Platte & Denver C. & M. Co. v. Dowell, 17 Colo. 376. The same doctrine has been announced by this court in a recent case. D. & R. G. R. Co. v. Divelbiss, ante, p. 304. Even with a strict enforcement of the general rule, that a pleading must be taken most strongly against the pleader, there can be no doubt the negligence of the company was sufficiently charged. The difficult question still remains, whether the plaintiff pleaded himself out of court by alleging facts tending to show that his own negligence contributed to the injury. As a general proposition when there is any uncertainty either as to the existence of negligence on the part of the defendant, or contributory negligence on the part of the plaintiff, either question is one of fact, to be determined by the jury and not one of law for the decision of the court. This is true, whether the difficulty springs from the conflict in the testimony, or whether the whole thing rests upon undisputed facts, when in this latter case reasonable men might differ in the inferences which they would draw from the facts as stated. This is the general conclusion of all the cases, and though put differently in the various decisions, the rule is so clear in that particular there is no dispute about it. As some put it, there must not be room for debate respecting the inference which must be drawn from the testimony; others that the inferences must be indisputable and there must be no escape *550 from the conclusion which reasonable men would draw from a consideration of the circumstances. However it is put, and in whatever form the result is the same.
As the pleader states Iris case, the plaintiff coming eastward on Tenth avenue on the north side of the street attempted to cross Broadway to reach one of the cars belonging to the defendant company and going northward along Broadway. To reach the car he was compelled to cross the west track of the company along which there w.as coming from the north another car bound southward which had not yet reached or crossed Tenth avenue. The plaintiff alleges that under the ordinances, and according to the universal practice and custom of the company, to his knowledge, which matters were then in his consideration, the tramway company were bound to sound a gong to warn people of their intention to cross the street, and were likewise bound to stop the south-bound car when it reached Tenth avenue that there might not be two cars crossing Tenth avenue while passing along Broadway at the same time. This averment is further sustained by an allegation to the effect, that the north-bound car was nearer the crossing than the south-bound one, and therefore had the right of way across Tenth avenue, and the plaintiff relying on these facts attempted to cross the west track to take the car bound north. The exact distance of the south-bound car from the crossing, the plaintiff could not estimate, but conceiving under the ordinances that the car would stop, he assumed it to be safe to cross it and took the chances, but the car failing to slacken its speed collided with him and occasioned the injury. There is in this allegation a suggestion of negligence whicli if developed by proof might warrant the jury to conclude the plaintiff’s own act so materially contributed to the injury that he could not recover. *551 We are not in a situation to either decide 'this question or strongly intimate our opinion about it. It is still true that whatever suggestion of contributory negligence is thus expressed in the plea is wholly obviated as a matter of pleading by what follows.
There is a principle of the law of negligence as well established as that to which we have already referred. This is the exception before adverted to. The plaintiff is not necessarily debarred recovery because he has been guilty of a negligence which contributed to the injury. He may have been negligent and careless, put himself in a place of danger, yet, if the defendant by the exercise of reasonable care, could have still avoided the injury, he was bound to avert the disaster. No principle of the law of negligence is better established than this, and the declarations of the Supreme Court of the United States on this subject have been followed by both of the appellate courts of this state. Inland & Seabrook Coasting Co. v. Tolson, 139 U. S. 551; Denver & Berkeley Park R. T. Co. v. Dwyer, 3 Colo. App. 408; Denver & Berkeley Park R. T. Co. v. Dwyer, 20 Colo. 132.
It remains then to be determined, whether the pleader has so far stated the exception as to entitle him to offer proof. He avers the gripman saw him as he was crossing the track, or by the exercise of due care might have seen him and his peril, and by the exercise of care could have prevented, the injury. This is the excuse presented by the pleader for the contributory negligence which was apparently pleaded, and if established by sufficient and competent proof would bring the case within the exception. If it be conceded the plaintiff was negligent in attempting to cross the track, yet it must likewise be admitted, if the gripman saw him and by the exercise of care could have prevented the accident, he was bound to apply the brakes, and save the plaintiff, even though he had negligently put himself in this place of danger. What the fact may be, what the proof may show, it is impossible to state, nor do we desire to go so far as to conclude the defendant from raising the question when the proof is offered, nor *552 do we intend to authoritatively declare that the plaintiff has a right of action which can be maintained. We can only say, if his proof corresponds with his complaint it is possible for him to bring his case within the exception which the decisions establish.
Counsel have indulged in a good deal of discussion in their various briefs respecting the obligations of street railway companies and the duties of foot passengers who attempt to cross the street where the rapid transit system is in operation, and we have been cited to a good many cases from various courts which lay down the rule that it is absolute negligence for parties to attempt to cross the tracks of steam railways without stopping, looking and taking all due precaution to ascertain whether a train is coming and in dangerous proximity. We do not deem it necessary to discuss this question nor to express or to quote the general rules which prevail. The facts are not before us, and it would be dangerous to attempt to establish a precedent by laying down the formula or prescribing rules, as learned courts have sometimes done, which rules and formula require as much definition as do the naked statements of the general principles. The relative rights of street railway and foot passengers are vastly different from the relative rights of passengers on the highway attempting to cross the tracks of a steam railroad which are laid on private property. The law has been somewhat discussed in the state as well as in other jurisdictions, and the trial court, if the emergency arises, can very easily determine the law. Davidson v. Tramway Co., 4 Colo. App. 283; Denver Tramway Co. v. Reid, 22 Colo. 349; Booth’s Street Railway Law, § 311, et seq.; Schofield v. Chicago, etc., R. Co., 114 U. S. 615; Buzby v. Philadelphia Tract. Co., 126 Pa. St. 559.
We are quite of the opinion the plaintiff stated a cause of action in a manner which did not subject his complaint to a general demurrer.
The court erred in sustaining the demurrer, and the judg *553 ment entered thereon will be reversed and the canse sent back for further proceedings in conformity with this opinion.

Reversed.